IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

CORINA M. ZEUNER, )
 )
    Plaintiff, )
 )
    v. )      1:03CV00635
 )
RARE HOSPITALITY INTERNATIONAL, )
INC., a/k/a Longhorn Steaks, )
Inc., )
 )
    Defendant. )

ORDER and JUDGMENT

This matter is before the court on Defendant Rare Hospitality International, Inc.'s motion under Rule 50 of the Federal Rules of Civil Procedure ("Rule 50 motion") for judgment as a matter of law against Plaintiff on her sexual harassment claim and on Plaintiff's motion for front pay and back pay. Plaintiff presented her case to a jury, which returned a verdict against her on a claim of wrongful termination (pregnancy) but returned a verdict in her favor on a claim of sexual harassment in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et seq., as amended, ("Title VII").[1]

The court finds that the jury's verdict on Plaintiff's sexual harassment claim was based on evidentiary support that was

---

[1] At the close of Plaintiff's evidence, the court granted Defendant's Rule 50 motion as to Plaintiff's claim that she was wrongfully discharged because of her sex.

thin but sufficient to support the verdict.  There was testimony by several witnesses regarding the hostile and sometimes violent conduct of Defendant's employee Gene Krawiec.  Plaintiff testified that she found this conduct unwelcome.  There was some indication, as well, that Krawiec's conduct was more prevalent around women than men and was more likely to be directed at women rather than men.  The jury could have found this evidence indicated unwelcome conduct that Plaintiff endured because she was a woman, and that the nature and severity of the conduct rose to the level of a hostile work environment.  Additionally, several witnesses testified that Patrick Plato, the store's manager, knew of Krawiec's conduct and took no action to end or prevent it.  Kraweic himself testified that Plato participated in some of the offensive conduct, although only on an isolated basis.  Plato's knowledge and his failure to end or prevent the offensive conduct could have been found to amount to Defendant's negligence, and therefore would be enough to hold Defendant liable on this claim.

The court further finds that the jury's verdict against Plaintiff on her claim for wrongful termination because of her pregnancy was reasonable.  The only evidence Plaintiff presented as to causation on this claim was the timing of the events and a statement by Plato and Chris Larson to the effect that they hoped Plaintiff would deliver early so she could return to work in time

2

for the restaurant's peak season in October. The jury could have believed Plato and Larson when they contended this statement was meant as a joke. They also could have believed Defendant harbored no illegal motive because of its ability to bring in employees from other stores during busy times. Additionally, the jury could have found the timing of the events to be unconvincing because Plaintiff was terminated on January 31, 2003, shortly before the restaurant's secondary peak season in April.

The court further finds that Plaintiff is unable to recover front pay, back pay, or damages. First, the jury has found that Defendant is not liable for Plaintiff's termination. Therefore, Plaintiff cannot recover back pay or front pay. See Mitchell v. OsAIR, Inc., 629 F. Supp. 636, 644 (N.D. Ohio 1986) (holding that where the plaintiff's "termination was unrelated to the sexual harassment she suffered, she cannot be awarded back pay, front pay, or reinstatement"). As to compensatory damages regarding Plaintiff's sexual harassment claim, her own activities in failing to comply with discovery and trial preparation requirements precluded her from presenting evidence of damages at trial. Therefore, despite Defendant's liability on the sexual harassment claim, Plaintiff is unable to prove any injury and cannot recover damages.

Finally, the court finds that because Plaintiff prevailed on one of her claims, she may be entitled to recover costs and

3

attorneys' fees under Title VII's fee-shifting provision in 42 U.S.C. § 2000e-5(k).  In an order dated February 1, 2005, the court stayed the time period for Defendant to file its response to Plaintiff's motion for attorneys' fees and costs.  The court will herein end the stay and direct Defendant to file its response within twenty (20) days of the filing of this order and judgment.  Therefore,

IT IS ORDERED that Plaintiff's Motion for Back Pay, Front Pay and Interest [56] is DENIED.  Plaintiff's request for a hearing on this matter is denied as moot.

IT IS FURTHER ORDERED and ADJUDGED that Defendant's motion for judgment as a matter of law under Rule 50 as to the jury's verdict on Plaintiff's sexual harassment claim is DENIED.  The jury's verdict for Plaintiff on her sexual harassment claim will stand.

IT IS FURTHER ORDERED and ADJUDGED that the jury's verdict against Plaintiff on her wrongful discharge claim (pregnancy) will stand.

IT IS FURTHER ORDERED that the stay on the matter of Plaintiff's Motion for Attorneys' Fees and Costs [54] is hereby lifted.  Defendant must file a response, if any, within twenty (20) days of the filing of this order and judgment.

4

Case 1:03-cv-00635-WLO   Document 69   Filed 06/29/05   Page 4 of 5

This the 29th day of June 2005.

_____
United States District Judge