IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
CORINA M. ZEUNER,                )
                                 )
     Plaintiff,                  )
                                 )
     v.                          )    1:03CV00635
                                 )
RARE HOSPITALITY INTERNATIONAL,  )
INC., a/k/a Longhorn Steaks,     )
Inc.,                            )
                                 )
     Defendant.                  )
```

MEMORANDUM OPINION and ORDER

OSTEEN, District Judge

   This action is before the court on Plaintiff Corina M. Zeuner's motion for attorneys' fees and costs and on Defendant Rare Hospitality International, Inc.'s ("Rare Hospitality"), motions for judgment notwithstanding the verdict under Rule 50(b) of the Federal Rules of Civil Procedure and for disallowance of costs. For the reasons set forth below, Defendant's Rule 50(b) motion will be denied, Plaintiff will be awarded nominal damages on her sexual harassment claim, Plaintiff's motion will be granted in part and denied in part, and Defendant's motion for disallowance of costs will be granted in part and denied in part.

I. FACTUAL BACKGROUND

Plaintiff brought claims against Defendant, her former employer, under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et seq. She secured a jury verdict in her favor on a sexual harassment claim, but the jury found for the Defendant on a claim of wrongful discharge because of pregnancy.[1] The court has already determined that Plaintiff is not entitled to equitable or compensatory damages. (Order & J. of June 29, 2005 at 4.)

II. DISCUSSION

A. Defendant's Rule 50(b) Motion

In support of its motion for judgment notwithstanding the verdict, Defendant advances several arguments for why judgment should be entered as a matter of law in its favor. Specifically, it alleges Plaintiff failed to prove (1) its negligence because she unreasonably failed to notify it of any harassment she was experiencing; (2) she found the harassing conduct to be unwelcome; (3) the harassing conduct was motivated by Plaintiff's gender; and (4) a reasonable person would have found the work environment hostile or abusive. These arguments are similar to

---

[1] Plaintiff originally brought four claims. In addition to the two claims that were submitted to the jury, Plaintiff brought claims for sex discrimination and retaliation. The court granted Defendant's motion for summary judgment on the retaliation claim and granted Defendant's motion for judgment as a matter of law on the claim of wrongful discharge because of sex.

the arguments Defendant advanced in support of a previous motion brought under Rule 50(a) of the Federal Rules of Civil Procedure. The court refers to its reasoning in the Order and Judgment filed June 29, 2005, denying Defendant's Rule 50(a) motion. For the same reasons, the court will deny Defendant's Rule 50(b) motion.

**B.    Nominal Damages**

Plaintiff has attained a verdict in her favor on one claim. The court has ruled that Plaintiff is not entitled to compensatory damages.[2] (Id.) Because of this, no damages question was submitted to the jury. Although she has not specifically requested it, Plaintiff's victory warrants an award of nominal damages. See Park v. Shiflett, 250 F.3d 843, 853-54 (4th Cir. 2001) (holding that where civil rights plaintiff had proved a constitutional violation but no actual injury, nominal damages were appropriate). The court will award Plaintiff nominal damages in the amount of $1.

**C.    Attorneys' Fees and Costs**

Plaintiff moves for an award of attorneys' fees and costs as a prevailing party under 42 U.S.C. § 2000e-5(k), Rule 54(d)(1) of the Federal Rules of Civil Procedure, and Local Rules 54.1 and 54.2. Plaintiff has requested $78,775 in attorneys' fees and

---

[2] As discussed in the court's Order of June 29, 2005, Plaintiff's discovery responses and disclosures precluded her from offering evidence of damages at trial. (Order & J. of June 29, 2005 at 3.)

$2,857.28 in costs. (Pl.'s Mot. Att'ys' Fees & Costs Ex. A.) Defendant opposes attorneys' fees because, it argues, Plaintiff cannot be considered a prevailing party, or if she is a prevailing party, the only reasonable fee is no fee at all. (Def.'s Br. Opp'n Pl.'s Mot. Att'ys' Fees & Supp. Def.'s Mot. Disallowance Costs at 4-5.) Defendant has also filed objections to the request for costs.

**1. Attorneys' Fees**

To be entitled to attorneys' fees, a plaintiff must be a "prevailing party." 42 U.S.C. § 2000e-5(k) ("[T]he court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee . . . as part of the costs."). "[A] plaintiff 'prevails' when actual relief on the merits of [her] claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." Farrar v. Hobby, 506 U.S. 103, 111-12, 113 S. Ct. 566, 573 (1992). The legal relationship between the plaintiff and defendant is not materially altered "until the plaintiff becomes entitled to enforce a judgment, consent decree, or settlement against the defendant." Id. at 113, 113 S. Ct. at 574. A plaintiff who wins an award of nominal damages may enforce that judgment against the defendant and is, therefore, a "prevailing party." See id.

4

Once a plaintiff is determined eligible for attorneys' fees as a prevailing party, a court must then decide whether considerations of proportionality warrant the award of a fee. <u>Sheppard v. Riverview Nursing Ctr., Inc.</u>, 88 F.3d 1332, 1335 (4th Cir. 1996). If the victory is technical or de minimis, this is relevant to the reasonableness of the fee awarded. <u>Farrar</u>, 506 U.S. at 114, 113 S. Ct. at 574. "Indeed, the most critical factor in determining the reasonableness of a fee award is the degree of success obtained." <u>Id.</u> (internal quotations omitted). In considering the reasonableness of a fee request, a district court must give "primary consideration to the amount of damages awarded as compared to the amount sought." <u>Id.</u> at 114, 113 S. Ct. at 575. Often, a plaintiff who sought compensatory damages and is awarded only nominal damages is one who formally "prevails," but who should receive no attorney's fee award. <u>Id.</u> at 115, 113 S. Ct. at 575. When the recovery of nominal damages is caused by the plaintiff's "failure to prove an essential element of [her] claim for monetary relief, the only reasonable fee is usually no fee at all." <u>Id.</u> (internal citations omitted).

In Justice O'Connor's concurrence in <u>Farrar v. Hobby</u>, she stated that in nominal-award situations, it would be wasteful to require a district court to go through the normal analysis and calculation in determining an award, because "common sense and sound judicial administration" would allow the court to simply

5

"explain why the victory is de minimis and announce a sensible decision to award low fees or no fees at all." Id. at 117-18, 113 S. Ct. at 576 (O'Connor, J. concurring) (internal quotations omitted). The Fourth Circuit Court of Appeals, however, has used the three factors Justice O'Connor outlined in that opinion to "separate the usual nominal-damage case, which warrants no fee award, from the unusual case that does warrant an award of attorney's fees." Mercer v. Duke Univ., 401 F.3d 199, 204 (4th Cir. 2005). Those three factors are (1) "'the extent of relief'"; (2) "'the significance of the legal issue on which the plaintiff prevailed;'" and (3) "'the public purpose served' by the litigation." Id. (quoting Farrar, 506 U.S. at 122, 113 S. Ct. at 579 (O'Connor, J. concurring)).

The first factor requires a comparison between the amount awarded and the amount sought. Id. While the subjective goals of the plaintiff are irrelevant to this inquiry, the purpose of the lawsuit should be considered, specifically whether the plaintiff sought money damages or injunctive relief. Id. at 205. A court should consider what the plaintiff was actually seeking, not what was "most important." Id. The second factor "is concerned with the general legal importance of the issue on which the plaintiff prevailed." Id. at 206. In Mercer v. Duke University, for example, a case in which the Fourth Circuit found that nominal damages were not a de minimis victory, the

6

plaintiff's case established a new point of law.  Id.  The third factor looks to "whether the litigation served a public purpose, as opposed to simply vindicating the plaintiff's individual rights."  Id. at 207.

Here, Plaintiff has been awarded nominal damages, thus qualifying her as a "prevailing party."  However, application of the three-factor test shows this is the usual nominal-damages case, entitling Plaintiff to no fee at all.  First, Plaintiff received virtually no relief in comparison to what she requested.  Her complaint requests "in excess of $500,000 in damages" on the sexual harassment claim, another $500,000 or more in damages on each wrongful termination claim (sex and pregnancy), at least $350,000 in back pay plus compensatory damages on her retaliation claim, various injunctive relief aimed at correcting the allegedly discriminatory practices of Defendant, punitive damages, and attorneys' fees and costs.  (Compl. at 9-14.)  This totals to a request of at least $1.85 million, in addition to punitive damages and other relief on all claims, and in excess of $1 million on the two claims that were submitted to the jury.  During litigation, Plaintiff concentrated on recovery of money damages and never pursued, either during settlement talks or during trial, any injunctive relief.  (See Doherty Aff. ¶¶ 3, 7-8.)  Plaintiff's counsel says that the "value of a hostile work environment verdict finding was a much more valuable option to

7

the Plaintiff" than any amount Defendant offered in settlement (Combs Aff. ¶ 3), but there is no indication that anything other than monetary "value" was contemplated or pursued. In comparison to the varied relief initially sought and the large amount pursued in this case, Plaintiff's recovery of $1 in nominal damages is quite limited.

The second and third factors also show that this is a usual nominal-damages case. The case was not legally significant and is a typical civil rights action in which Plaintiff was seeking to vindicate her personal rights. See also Pino v. Locascio, 101 F.3d 235, 239 (2d Cir. 1996) ("The vast majority of civil rights litigation does not result in ground-breaking conclusions of law, and therefore, will only be appropriate candidates for fee awards if a plaintiff recovers some significant measure of damages or other meaningful relief."). Further, Plaintiff's failure to recover compensatory damages here was not due solely to an inability to meet her burden of proof. Rather, she represented during discovery that she was not seeking such damages, thereby foreclosing herself from making any such proof at trial. In addition to the typicality of this case, Plaintiff's own actions in limiting her potential recovery, in particular, warrant a finding that the only reasonable fee award here is no fee at all.

8

**2. Costs**

The standard for an award of other costs to a prevailing party is different than that for an award of attorneys' fees. Whereas the fee-shifting provision under Title VII, discussed above, places the award of attorneys' fees in the court's discretion, Federal Rule of Civil Procedure 54(d)(1) provides that "costs other than attorneys' fees <u>shall be allowed as of course</u> to the prevailing party unless the court otherwise directs." Fed. R. Civ. P. 54(d)(1) (emphasis added). This provision creates a presumption in favor of awarding costs to the prevailing party. <u>Cherry v. Champion Int'l Corp.</u>, 186 F.3d 442, 446 (4th Cir. 1999). A court may only deny costs to a prevailing party "when there would be an element of injustice in a presumptive cost award." <u>Id.</u> Specific factors that would justify denial of costs to a plaintiff who prevails include the plaintiff's misconduct, the defendant's inability to pay, the excessiveness of the costs requested, the limited value of any recovery, or the closeness or difficulty of the issues decided. <u>Id.</u>

The costs that may be taxed to the opposing party include the fees of the clerk, docket fees, costs of service of summonses and subpoenas, a reporter's attendance fee for depositions, the costs of a transcript of a deposition, witness fees, a copy of the trial transcript, and necessary printing and copying fees.

28 U.S.C. § 1920; L.R. 54.1(c)(1). Mediation expenses are not taxable as costs. <u>Firestine v. Parkview Health Sys., Inc.</u>, 374 F. Supp. 2d 658, 672 (N.D. Ind. 2005). Postage expenses are also not taxable. <u>Bandera v. City of Quincy</u>, 220 F. Supp. 2d 26, 48 (D. Mass. 2002). All requests for recovery of costs must be accompanied by an affidavit, verifying that each cost is correct and necessary, and all services were actually performed. 28 U.S.C. § 1924.

As a prevailing party, Plaintiff is entitled to recover appropriate costs. Although the limited value of Plaintiff's recovery could justify disallowance of costs, the amount requested is relatively low and the court finds there would be no injustice if costs were awarded. Defendant argues that Plaintiff should not be allowed to recover any costs because she failed to verify them. (Def. Rare Hospitality's Mot. Disallowance Costs at 2.) Plaintiff's attorney has submitted an affidavit, included with the reply, stating that the motion for costs "accurately reflects . . . the costs" of pursuing the case and were reasonably incurred. (Combs Aff. ¶ 6.) This filing came weeks after the initial motion and does not verify all of the information required by § 1924. However, because the court is able to review the affidavit in light of its own first-hand knowledge of the case, it will find sufficient verification that

10

each cost was necessarily obtained and actually incurred.[3]  The court will allow Plaintiff to recover appropriate costs.

Defendant next argues that mailing fees and the mediator's fee are not recoverable.  (Def. Rare Hospitality's Mot. Disallowance Costs at 2.)  Plaintiff has requested $432 as her portion of the "Mediated Settlement conference fee," $10.22 for a "Mailing and handling fee," and $88.40 for certified mail charges for 20 subpoenas at $4.42 each.  Defendant is correct that these costs are not listed in § 1920 or otherwise allowable under Local Rule 54.1.  These costs will not be allowed.

Finally, Defendant argues that Plaintiff should not be allowed to recover the deposition and photocopying fees because she has not met her burden to show they were necessarily obtained for use in litigation.  (Id.)  Although Plaintiff's verification of these costs was flimsy, the court has found them to be sufficiently verified.  Therefore, the court will allow these costs.

Plaintiff will be allowed to recover $2,326.66 in taxable costs from Defendant.

### III. CONCLUSION

In conclusion and for the reasons stated herein,

---

[3] Litigants are discouraged from relying on the leniency of the court in these matters.

IT IS ORDERED that Defendant Rare Hospitality International, Inc.'s Motion for Judgment Notwithstanding the Verdict [70] is DENIED.

IT IS FURTHER ORDERED that Plaintiff is entitled to an award of nominal damages in the amount of $1.00 against Defendant on the jury verdict.

IT IS FURTHER ORDERED that Plaintiff's Motion for Attorneys' Fees and Costs [54] is GRANTED in part and DENIED in part and that Defendant Rare Hospitality's Motion for Disallowance of Costs [72] is GRANTED in part and DENIED in part. Plaintiff's motion for attorneys' fees is DENIED, but Plaintiff shall recover $2,326.66 in costs.

This the 26th day of August 2005.

_____
United States District Judge

12

Case 1:03-cv-00635-WLO   Document 78   Filed 08/26/05   Page 12 of 12